■ David Weinschneider, Appellant, v Devorah Weinschneider, Respondent. [837 NYS2d 255]—In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Krauss, J.), dated May 24, 2005, as, upon

determining that branch of his motion which was to mandate the continued services of the mediator to facilitate custody visitation arrangements, limited the continuation of the mediator's services to 30 days after the judgment of divorce was signed, and (2) stated portions of a resettled judgment of the same court dated September 22, 2005, which, inter alia, upon a second order of the same court also dated May 24, 2005, denying his motion for leave to submit a counter judgment of divorce as untimely, directed him to pay child support in the sum of $600 per week until the week following the closing of title to the parties' marital home.

Ordered that the appeal from the first order dated May 24, 2005 is dismissed; and it is further,

Ordered that on the Court's own motion, the notice of appeal from the second order dated May 24, 2005 is deemed a premature notice of appeal from the resettled judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the resettled judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the first order dated May 24, 2005 must be dismissed because the right of direct appeal therefrom terminated with the entry of the resettled judgment (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the first order are brought up for review and have been considered on the appeal from the resettled judgment (*see* CPLR 5501 [c]).

The husband's contention that he never agreed to the provision in the resettled judgment of divorce which directed him to pay child support in the sum of $600 until the time the marital home is sold is belied by his own counter-proposed judgment of divorce which contains the same provision.

The husband's remaining contentions are not properly before this Court, academic, or without merit. Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.